

742 A.2d 588

L.D., PLAINTIFF–RESPONDENT, v. W.D.,
JR., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 16, 1999—Decided December 28, 1999.

Before Judges PRESSLER, CIANCIA and ARNOLD.

*Linda L. Piff*, attorney for appellant.

*L.D.* respondent pro se.

The opinion of the court was delivered by

CIANCIA, J.A.D.

This is a domestic violence case. Defendant W.D., Jr. appeals from the entry of a final restraining order against him. He contends there was insufficient evidence to support the trial court's determination that he harassed his wife, plaintiff L.D. Defendant's contention has merit, and we now reverse the final restraining order entered against him.

The parties have been married for over fifteen years. By all accounts it has been a severely troubled relationship, most notably over recent years. On January 5, 1999, defendant obtained a temporary restraining order against his wife, issued by a municipal court. Defendant's allegation was that plaintiff had held a knife to his throat and threatened to kill him if he did not leave the kitchen area of their home. In the space provided for setting forth prior acts of domestic violence, defendant stated his wife had twisted his arm and pulled his hair.

The next day, plaintiff filed a domestic violence complaint against defendant alleging:

1/5 DEFT GOT A RESTRAINING ORDER AGAINST PLT, PLT FEELS DEFT LIED TO GET ORDER. PLT FEELS DEFT LIED ABOUT THE PARTIES COHABITING & LIVING SEPARATE LIVES. DEFT IS A CROSS DRESS-ER. DEFT TELEPHONED PLT'S WORK, LEFT A MESSAGE HE WAS MOVING HER DESK.

On the lines available for setting forth a history of prior domestic violence, plaintiff's complaint stated, "Deft moved Plt's desk out of their shared office[;] changing parties agreements."

On January 7, 1999, the parties appeared pro se in the Family Part of the Chancery Division to present their respective views of who had been doing what to whom. Plaintiff, in response to her husband's complaint, admitted pulling his hair and twisting his hand or fingers. She denied holding a knife to his throat but admitted telling him to get out of her kitchen while holding a knife she was using to prepare food. The judge found defendant had not been a victim of domestic violence and dismissed defendant's complaint against plaintiff. That determination has not been appealed.

As to plaintiff's complaint against defendant, the hearing judge apparently felt unrestricted by the allegations set forth in plaintiff's complaint and attempted to elicit from plaintiff additional acts of domestic violence. He asked her if defendant had ever hit her. She responded he had not. He then asked if defendant had "grabbed you, pulled you, pushed you, throw things, break things?" Plaintiff responded that over the course of their fifteen-year marriage, defendant had broken doors and cabinets but not in the last year. There was no further elucidation of that statement. Plaintiff also said defendant had kicked the family dog but on questioning by defendant, it became evident plaintiff had not seen any such act but had only overheard her daughter telling defendant not to kick the animal. Defendant denied actually kicking the dog.

With the court's assistance, plaintiff went on to testify that at defendant's urging she had taken a job and defendant, who worked at home, then complained about plaintiff's use of the family car, their only vehicle. On another occasion, defendant was scheduled to take the children to choir practice and instead he took them for counseling.

Up to this point in the hearing, plaintiff had addressed nothing that had been set forth in her complaint, unless taking the

children to a counselor instead of choir practice constituted the prior domestic violence of "changing parties agreements."

In fact the only incident of alleged domestic violence mentioned in the complaint and discussed at the hearing was defendant's phone call to plaintiff's workplace. The parties each had a desk in a common office at their home. Defendant, apparently on the advice of a counselor, moved plaintiff's desk into the living room. He called her at work to tell her this but when she was not available to speak with him, he left a message with her co-worker. This method of communication allegedly embarrassed the plaintiff.

On these facts the hearing judge concluded defendant had committed acts of harassment prohibited under the Prevention of Domestic Violence Act. *N.J.S.A.* 2C:25–19(a)(13). In our view the record provides no support for such a determination.

Other than the incident involving the children going to a counselor instead of choir practice, it is unclear what facts the judge found and relied upon in reaching his conclusion that defendant harassed plaintiff. Much of the testimony was outside the four corners of plaintiff's domestic violence complaint. As we said in *J.F. v. B.K.*, 308 *N.J.Super.* 387, 706 *A.*2d 203 (App.Div. 1998), it is clearly improper to base a finding of domestic violence upon acts or a course of conduct not even mentioned in the complaint. "It constitutes a fundamental violation of due process to convert a hearing on a complaint alleging one act of domestic violence into a hearing on other acts of domestic violence which are not even alleged in the complaint...." *Id.* at 391–92, 706 A.2d 203.

That concern aside, the information put forth by plaintiff was clearly insufficient to justify a finding of domestic violence and the entry of a restraining order. *N.J.S.A.* 2C:25–19(a) defines domestic violence in terms of acts constituting a violation of certain specified provisions of the criminal code. One of those acts is harassment. *N.J.S.A.* 2C:33–4. The harassment statute provides:

[A] person commits a petty disorderly persons offense if, with a purpose to harass another, he:

    a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;

    b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or

    c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

    ■ In *State v. Hoffman*, 149 *N.J.* 564, 576, 695 *A.*2d 236 (1997), our Supreme Court set forth the elements of *N.J.S.A.* 2C:33-4(a):

A violation of subsection (a) requires the following elements: (1) defendant made or caused to be made a communication; (2) defendant's purpose in making or causing the communication to be made was to harass another person; and (3) the communication was in one of the specified manners or any other manner similarly likely to cause annoyance or alarm to its intended recipient.

Here, defendant did indeed communicate with plaintiff about the desk being moved, but we find nothing in the record to support a determination by a preponderance of the evidence that defendant's purpose was to harass. Nor can it be said that the phone call was done in a manner likely to cause annoyance or alarm. *Id.* at 581-85, 695 *A.*2d 236.

Subsection (b) is clearly not involved in the present case, and in our view, subsection (c) was not violated by defendant. Again we note plaintiff did not raise violations that fit within subsection (c), except perhaps by reference to the so-called prior history of domestic violence. Additionally, nothing in this record rises to the level of "alarming conduct"; certainly not the movement of plaintiff's desk from the shared home office to the living room. *See Grant v. Wright*, 222 *N.J.Super.* 191, 196, 536 *A.*2d 319 (App.Div.), *certif. denied*, 111 *N.J.* 562, 546 *A.*2d 493 (1988). Defendant's actions may have upset plaintiff emotionally, but they did not constitute domestic violence. *See E.K. v. G.K.*, 241 *N.J.Super.* 567, 570-71, 575 *A.*2d 883 (App.Div.1990). Here, as in *J.N.S. v. D.B.S.*, 302 *N.J.Super.* 525, 695 *A.*2d 730 (App.Div.1997) where the conduct of defendant was arguably more egregious than defendant's conduct in this case, the parties' activity was one of mutual annoyance not domestic violence. *See also State v. L.C.*, 283

*N.J.Super.* 441, 662 *A.*2d 577 (App.Div.1995), *certif. denied,* 143 *N.J.* 325, 670 *A.*2d 1066 (1996); *Corrente v. Corrente,* 281 *N.J.Super.* 243, 250, 657 *A.*2d 440 (App.Div.1995).

The final restraining order is accordingly reversed. The matter is remanded for entry of an order vacating the restraints.