RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2424-15T1

A.C.,

 Plaintiff-Respondent,

 v.

M.P.C.,

 Defendant-Appellant.

______________________________________________________

 Argued May 9, 2017 – Decided June 14, 2017

 Before Judges Fisher and Moynihan.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Passaic County, Docket No. FV-16-0154-16.

 Douglas J. Kinz argued the cause for
 appellant.

 Janet L. Porro argued the cause for respondent
 (Porro Law Group, LLC, attorneys; Ms. Porro
 and Kristen M. Porro, on the brief).

PER CURIAM

 Defendant, M.P.C., appeals the entry of a final restraining

order (FRO) in favor of his wife, A.C. Defendant contends the

trial court failed to make factual findings that defendant intended
to cause bodily injury to A.C. and, incongruously, that the trial

court's finding that defendant intended to cause bodily injury to

A.C. "was based on rank speculation rather than any credible

facts." We disagree with both arguments and affirm for the sound

reasons expressed by Judge Adrianzen in her oral opinion.

 Our review of the trial court's conclusions is limited. We

are bound by the court's factual findings if they are "supported

by adequate, substantial, credible evidence." Cesare v. Cesare,

154 N.J. 394, 411-12 (1998) (citation omitted). We defer to the

trial judge's assessment of witnesses' credibility because of the

perspective the judge gains from seeing and hearing testimony.

Id. at 412.

 Judge Adrianzen gave detailed reasons why she found A.C.

credible and M.P.C. incredible.1 She observed the demeanor of the

witnesses on the stand and the manner in which they testified,

considered how they allegedly gained knowledge of the events about

which they testified, evaluated the plausibility of their versions

of events, and examined their motives and biases. Her well-

grounded findings deserve our full deference.

1
 Contrary to defendant's argument, the judge's credibility
findings were not based only on the finding that A.C.'s "demeanor
was consistent with that of a victim of domestic violence," a
reason decried by defendant.

 2 A-2424-15T1
 Based on the credible testimony of A.C., the judge found that

the dual-element test set forth in Silver v. Silver, 387 N.J.

Super. 112, 125-28 (App. Div. 2006) was met, justifying the

issuance of the FRO.

 The judge concluded that defendant committed the predicate

act of assault, satisfying the first prong of Silver. Id. at 125.

Judge Adrianzen found that, after A.C. threw a pot of his tools

into his office/storage room, defendant picked up a heavy fruit

bowl, ran toward A.C., and threw it directly at her "with full

force" from a close distance. These circumstances presented

evidence of motive and intent sufficient to prove that it was

defendant's conscious object to cause A.C. bodily injury,

establishing the elements of the predicate offense. N.J.S.A.

2C:12-1a(1); 2C:2-2b(1).

 The second prong of the Silver test was also supported by the

evidence. Silver, supra, 387 N.J. Super. at 126-28. Although the

determination of the second prong may be "perfunctory and self-

evident, the guiding standard is whether a restraining order is

necessary . . . to protect the victim from immediate danger or to

prevent further abuse," considering the factors set forth in

N.J.S.A. 2C:25-29a(1) to -29a(6). Id. at 127. A.C's credible

testimony regarding the history of domestic violence between the

parties, N.J.S.A. 2C:25-29a(1), and the existence of immediate

 3 A-2424-15T1
danger to A.C., N.J.S.A. 2C:25-29a(2), substantiated the judge's

determination that an FRO was necessary to prevent future acts of

domestic violence. Judge Adrianzen credited A.C.'s description,

"in convincing detail," of defendant chasing her around the house

on November 7, 2014, and grabbing her by the arm with such force

that it caused visible bruising. Photographs evidenced the injury.

A second act of domestic violence was proved by A.C.'s testimony

that defendant forced her to have sexual intercourse in May 2015.

The judge also found that defendant's massive cache of weapons,

and the manner in which they were stored,2 contributed to the

reasonable belief that A.C. feared for her safety. The judge

found a FRO was necessary to prevent further abuse based on "all

of the foregoing circumstances."

 Defendant argues the introduction of evidence regarding his

weapons, and the manner in which they were stored, was improper

because there was no mention of same in the complaint. When asked

if defendant engaged in any other conduct that raised concerns for

her safety and that of her daughter, A.C. testified about the

weapons. Defendant's counsel objected that the testimony was

"beyond the scope." A.C.'s counsel countered that the evidence

2
 The weapons were stored in a "bunker", the entrance to which was
"guarded" by two mannequins. A.C. expressed her long-standing
fear of dolls and claustrophobia as reasons why the weapons were
so kept.

 4 A-2424-15T1
went to A.C.'s fear of defendant; the judge overruled the

objection.

 At no time did defendant contend that he was not prepared to

meet the evidence regarding the weapons. His counsel never asked

for a continuance. This was not an issue about which defendant

lacked knowledge; he never indicated it needed further

investigation. Further, he did not deny the existence of the

weapons. This was one of those instances foretold by our Supreme

Court in J.D. v. M.D.F., 207 N.J. 458, 480 (2011), when it held,

"To be sure, some defendants will know full well the history that

plaintiff recites and some parties will be well-prepared

regardless of whether the testimony technically expands upon the

allegations of the complaint."

 This was not a case where one predicate act of domestic

violence, unaccompanied by any threat or violent act, was set

forth in the complaint and defendant was forced to defend against

multiple other prior acts of which he had no notice until the day

of the hearing. J.F. v. B.K., 308 N.J. Super. 387 (App. Div.

1998). This was not a case where "much of the testimony" about

prior acts of domestic violence involved incidents not mentioned

in the complaint. L.D. v. W.D., 327 N.J. Super. 1, 4 (App. Div.

1999). Judge Adrianzen found that a restraining order was

necessary to protect the victim based on two other prior acts that

 5 A-2424-15T1
were set forth in the complaint, not only on the weapons possessed

by defendant.

 Defendant also contends that the trial court made no specific

findings with regard to the two other prior incidents of domestic

violence. We find no merit in this argument. Judge Adrianzen made

credibility findings and commented on the quality of the evidence

presented regarding those prior acts. The restraining order was

properly granted.

 Affirmed.

 6 A-2424-15T1