# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1975-16T2

S.B.,

    Plaintiff-Respondent,

v.

L.M.,

    Defendant-Appellant.

_____

        Argued April 30, 2018 — Decided August 15, 2018

        Before Judges O'Connor and Vernoia.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Middlesex
        County, Docket No. FV-12-0676-17.

        Rajeh A. Saadeh argued the cause for
        appellant (The Law Office of Rajeh A.
        Saadeh, LLC, attorneys; Rajeh A. Saadeh and
        Amanda E. Rasheed, on the brief).

        Respondent has not filed a brief.

PER CURIAM

    Defendant L.M. appeals from a December 2, 2016 final

domestic violence restraining order (FRO) entered in favor of

plaintiff S.B. pursuant to the Prevention of Domestic Violence

Act (PDVA), N.J.S.A. 2C:25-17 to -35.  We reverse.

Plaintiff filed a domestic violence complaint under the PDVA alleging defendant committed an act of domestic violence by harassing him in violation of N.J.S.A. 2C:33-4.[1]  In his complaint, plaintiff failed to identify the subsection or subsections of N.J.S.A. 2C:33-4 defendant allegedly violated, but by the time of the final hearing, clarified he was alleging defendant violated subsections (a) and (c) of this statute.

Defendant also filed a domestic violence complaint against plaintiff, alleging he harassed her in violation of N.J.S.A. 2C:33-4.  Both complaints were adjudicated during the final hearing.  Both parties prevailed on their respective complaints and obtained an FRO against the other, and each had an FRO entered against them.  Unlike defendant, plaintiff does not appeal from the FRO entered against him.

The evidence adduced during the final hearing relevant to the issues on appeal is as follows.  The parties, divorced in 2005, are the parents of two teenage boys.  At the time of the subject incident, plaintiff was the primary caretaker and

---

[1]  Plaintiff also contended defendant violated the PDVA by stalking him in violation of N.J.S.A. 2C:12-10, but the court dismissed this claim at the conclusion of the final hearing on the ground of insufficient evidence.  Plaintiff did not appeal from the dismissal of this claim.

defendant had parenting time every other weekend.  We first recite defendant's version of events.

At 4:30 p.m. on September 23, 2016, defendant was at home waiting for plaintiff to drop off the boys for her parenting time, when a caseworker from the Division of Child Protection and Permanency (the Division) appeared at her door stating she wanted to speak to the boys and inspect defendant's home. Uncertain she was obligated to accede to the caseworker's request and suspicious plaintiff made a false allegation against her, defendant asked the caseworker to remain outside on the porch while she telephoned her attorney for advice.

Minutes later, plaintiff pulled up in his truck and parked outside of defendant's home.  The boys and plaintiff's mother were also in the truck.  Defendant observed the caseworker approach plaintiff and assumed the caseworker was going to start her investigation by questioning plaintiff and do so in the children's presence.  Anxious that the caseworker not speak to plaintiff in front of the boys because "they don't need to hear anything negative or derogatory about their mother," defendant went to the truck and told the boys to get out of it and go into her house.  Plaintiff told the boys to remain and they obeyed.

While plaintiff and the boys were still in the truck, the caseworker asked plaintiff if he had any "cares or concerns."

3

Plaintiff stated defendant was an alcoholic, used cocaine, had sex in front of the boys, and was a "deadbeat." Defendant testified she "got really upset because this [investigation] was going on in front of my children. So I had asked him to please let them out." She claims she did not attempt to physically remove the boys from the truck.

Because it was not yet 5:00 p.m., when her parenting time was to start, plaintiff refused to let the children out of the truck. According to defendant, she was "mortified. . . . [I was] tired of these false allegations. . . . They're defaming and it's slander and it's wrong. I felt attacked." Plaintiff then got out of the truck and, just "nose distance" from her, called her a drunk and a deadbeat. Plaintiff's mother also called plaintiff a "whore." Defendant then retreated to her porch and called her attorney.

On cross-examination, defendant admitted she called plaintiff a liar during the encounter, but denied calling him other names or swearing at him. She also denied touching or putting her hands inside of the truck.

According to plaintiff's testimony, the caseworker approached him in his truck and advised she received a telephone call from the staff of one of the boys' schools, and learned one

4

of the boys had made an allegation.[2]  Because the caseworker needed to follow-up on the allegation, plaintiff gave her permission to speak to the boys.

Plaintiff claimed defendant then opened the door to the back seat, where the boys were seated, and tried to pull them out of the truck, but they slid over to the opposite side of the vehicle.  While defendant was trying to pull them out, she told the caseworker "I'm not giving you any fucking permission to talk to my kids," and to "get away from the fucking car."

Plaintiff claims defendant went to the other side of the truck and tried to talk to the boys.  She was also "screaming and yelling" and, at one point, put her hand into the area of the front passenger seat, where his mother was seated, and attempted to "swing" at his mother.  Plaintiff then got out of the truck and ran to the other side of the vehicle, stood between defendant and his mother, and told defendant to back away.  He claims defendant was "cursing" at and "abusive" toward him, but he did not clarify what she said or how she was abusive.

Plaintiff admitted he cursed one time at defendant, and called her a "deadbeat mother" and a drunk.  He conceded the

---

[2]  The nature of the allegation was not revealed during the hearing.

boys are physically larger than defendant and thus she was not strong enough to pull them out of the car.

The caseworker testified defendant was very upset and angry because the caseworker appeared at defendant's home unannounced, and defendant indicated to the caseworker she believed plaintiff had called the Division to send the caseworker over. After defendant spoke to her attorney, she told the caseworker she was not going to cooperate with the investigation.

The caseworker walked over to the truck and told plaintiff she needed to talk to the children, but it became too difficult to continue speaking with plaintiff because defendant was yelling and cursing at plaintiff. The caseworker did not identify the words defendant used. Defendant did state she did not want the children interviewed during her parenting time, and told the children not to communicate with the caseworker and to go into the house. Plaintiff pointed out to the caseworker that defendant's parenting time did not start for another ten minutes, and authorized her to speak to the boys.

The caseworker also testified that, at one point, plaintiff got out of the truck and approached defendant. The parties then yelled and cursed at each other; the caseworker did not specify the words the parties used during this exchange.

6

At the conclusion of the hearing, the court found each party harassed the other during the subject incident in violation of the PDVA, and entered a FRO against both. As noted, defendant challenges the FRO against her but plaintiff did not appeal from the FRO entered against him.

The court did not find credible plaintiff's claim defendant tried to remove the boys from the truck. As for her other conduct, the court found defendant violated N.J.S.A. 2C:33-4(a) because she "flew into rage" and

> what ended up happening was a confrontation occurred where each side harassed the other by yelling at each other, screaming at each other. . . .
>
> So, I find by defendant yelling at [plaintiff], yelling at [plaintiff's] mother, yelling at the kids, . . . it escalated the harassment. . . . I make that finding that it did and that [defendant], ironically, became a harasser herself . . . by not being calm and not — just riding out the situation, letting the police handle the situation. She escalated the situation . . . .
>
> She escalated the situation and, as a result, harassed [plaintiff]. How did she harass him? By making communications, using offensive language, by trying — by causing annoyance and alarm, by screaming at him and his mother. . . .

The court further found defendant harassed plaintiff by violating N.J.S.A. 2C:33-4(c), but merely stated:

7

> Section C, engages in a course of alarming
> conduct with the purpose to seriously annoy.
> Absolutely. I find — I make a finding that
> she did that. She did that to annoy
> [plaintiff] knowing full well that her
> actions were going to annoy him. . . .

The court determined that not only did plaintiff prove defendant violated subsections (a) and (c) of N.J.S.A. 2C:33-4, but also required a restraining order to protect him from further harassment from defendant.

## II

On appeal, defendant's principal argument is the court erred when it found defendant engaged in an act of harassment during the subject incident, in violation of N.J.S.A. 2C:33-4(a) and (c). In relevant part, this statute states:

> [A] person commits a petty disorderly
> persons offense if, with purpose to harass
> another, he:
>
> > a. Makes, or causes to be made, a
> > communication or communications . . .
> > in offensively coarse language, or any
> > other manner likely to cause annoyance
> > or alarm . . . ;
> >
> > . . . or
> >
> > c. Engages in any other course of
> > alarming conduct or of repeatedly
> > committed acts with purpose to alarm or
> > seriously annoy such other person.
> [N.J.S.A. 2C:33-4.]

We are bound by the trial court's findings "when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 412 (1998). However, when a reviewing court concludes there is insufficient evidentiary support for the trial court's findings, we reverse. Our review of a trial court's legal conclusions is always de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

When determining whether to grant an FRO pursuant to the PDVA, the trial judge must make two determinations. Silver v. Silver, 387 N.J. Super. 112, 125 (App. Div. 2006). "First, the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Ibid. Second, the judge must also find that "relief is necessary to prevent further abuse." J.D. v. M.D.F., 207 N.J. 458, 476 (2011) (quoting N.J.S.A. 2C:25-29(b)).

N.J.S.A. 2C:33-4 is one of the predicate offenses under the PDVA. N.J.S.A. 2C:25-19(a)(13). Proof of a purpose to harass is an essential element to support a finding under N.J.S.A. 2C:33-4(a) and (c) and the entry of an FRO. See L.D. v. W.D., 327 N.J. Super. 1, 5 (App. Div. 1999) (quoting State v. Hoffman, 149 N.J. 564, 576 (1997)). A court must find the defendant had a "conscious objective" to harass the plaintiff. State v.

9

<u>Fuchs</u>, 230 N.J. Super. 420, 428 (App. Div. 1989). Unless stated with a purpose to alarm or seriously annoy, offensive speech alone is not domestic violence. <u>E.M.B. v. R.F.B.</u>, 419 N.J. Super. 177, 182-83 (App. Div. 2011). The effect of the speech upon the victim is irrelevant. <u>Ibid.</u> The determination of whether there was a "purpose to harass" must be decided based on "common sense and experience." <u>H.E.S. v. J.C.S.</u>, 175 N.J. 309, 327 (2003) (quoting <u>Hoffman</u>, 149 N.J. at 577).

Applying these principles, we are satisfied the court erred when it determined the predicate act of harassment was found under either subsection (a) or (c). According to plaintiff, defendant screamed, yelled, and cursed at him, but he did not testify to what defendant actually stated. He also claimed defendant was abusive, but did not clarify what she did.

Plaintiff did testify that defendant told the caseworker she was not going to give her "any fucking permission" to talk to the boys and to "get away from the fucking car," but such comment was not made to plaintiff. Plaintiff noted defendant reached into his truck and took a "swing" at his mother, but such conduct was not directed at him, and his claim defendant tried to pull the children out of his truck was not found to be credible and, in any event, was not an act made against him. The caseworker testified both parties yelled and cursed at each

10

other, but she did not specify the words defendant used or provide any other details about their argument.

In our view, there is no evidence defendant engaged in conduct with a purpose to harass plaintiff. At worst, defendant yelled, screamed, and cursed at plaintiff — while plaintiff did the same to defendant. It is impossible to evaluate defendant's speech and conduct by words neither detailed nor described. Without knowing the specific words defendant used and the context in which she used those words when yelling and cursing, it cannot be ascertained if those words were uttered with the purpose to harass plaintiff.

It is uncontroverted defendant was angry because she believed plaintiff had instigated the Division's investigation and was distraught over the prospect the children would be interviewed by the caseworker. But the fact she was angry is beside the point. Feeling anger or being angry is not harassment. Expressing anger is also not harassment, unless the manner in which a defendant expresses anger is done with a purpose to harass the plaintiff. There is no evidence defendant did that here. Absent evidence defendant acted with a purpose to harass, plaintiff failed to show defendant violated N.J.S.A. 2C:33-4(a) and (c).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-1975-16T2