# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3916-22

D.A.J.,

    Plaintiff-Respondent,

v.

R.Y.,

    Defendant-Appellant.

_____

        Submitted September 9, 2024 – Decided September 27, 2024

        Before Judges Chase and Vanek.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-0794-23.

        Bailey & Toraya, LLP, attorneys for appellant (Howard Woodley Bailey, on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant R.Y.[1] appeals from the July 13, 2023 final restraining order ("FRO") entered against him and in favor of plaintiff D.A.J. pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35 ("PDVA"). Following our review of the record and applicable legal principles, we vacate the FRO and remand for further proceedings consistent with this opinion.

I.

D.A.J. and R.Y. were married and had one child who previously passed away in a car accident. The parties were married for approximately thirteen years before separating in 2021. D.A.J. obtained a temporary restraining order ("TRO") against R.Y. on August 25, 2022. The TRO alleged the sole predicate act of harassment, N.J.S.A. 2C:33-4, for an act that allegedly occurred by defendant sending a letter to plaintiff wherein he stated that he thought about killing her, but that feeling had passed. He then drew a headstone next to his signature.

A trial was subsequently held in July 2023 wherein D.A.J. was represented by counsel and R.Y. proceeded self-represented. The only witnesses were the two parties. Before the trial began, the court informed R.Y. of the consequences

---

[1] We refer to the parties using their initials to protect their privacy and the confidentiality of these proceedings. R. 1:38-3(d)(9).

of having an FRO issued against him and questioned him regarding proceeding without an attorney. R.Y. stated he was very comfortable proceeding on his own.

D.A.J. testified that in 2021 she had received a previous TRO against R.Y. that was dismissed after a hearing. During her testimony, she referred to nineteen letters she believed were written by defendant to her. Two of the letters were moved into evidence, with the most recent letter being from May 2023, when the TRO was still in effect. After the first letter was presented, the court inquired of plaintiff's counsel whether he wanted to amend the TRO to include the predicate act of contempt, N.J.S.A. 2C:29-2. Plaintiff's counsel answered in the affirmative. During that exchange, the court addressed R.Y. and said:

> [B]ecause I'm going to ask counsel in a minute if he's amending the temporary restraining order, which he has the ability to do even up—even today, with respect to what's called contempt . . . I can take the amendment even today. I do have to offer you time if you're not prepared to address whatever the amended charges are. If you wanted an adjournment to address that, I can give you more time . . . to testify as to whatever the contempt allegations are. I don't know yet.

The court then verbally amended the predicate act to include contempt.

Testimony continued and another post-TRO letter was admitted into evidence. The court then asked counsel again if he was formally amending the

3

allegations to include another count of contempt. After counsel answered in the affirmative, the court informed R.Y. that they were amending the complaint and that she would talk to him in a minute about the amendment but was going to complete the testimony of D.A.J. before she did so. The court never went back to defendant and questioned him regarding a postponement or whether he was ready to proceed with the amendment. Defendant then testified and admitted to writing one of the letters.

The trial court ultimately granted the FRO. The trial court initially found the testimony of D.A.J. was more credible than that of R.Y. As to the first prong of Silver,[2] it explained that based on the testimony and exhibits D.A.J. had not established that R.Y. committed the predicate act of harassment. However, the court found D.A.J. had proven the amended predicate act of contempt. The trial court further determined that D.A.J. satisfied prong two of Silver and needed protection from R.Y. through an FRO.

## II.

On appeal, R.Y. argues the trial court incorrectly entered an FRO because the testimony did not sufficiently establish a predicate act that plaintiff sought or advocated for in the TRO, until the court asked counsel if he wanted to amend

[2] Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006).

4

the complaint during plaintiff's testimony. He further contends because he was found not to have committed harassment, the evidence did not support the issuance of an FRO against him. He also asserts the court failed to make any factual findings that the relief was necessary to prevent further abuse.

Our scope of review is limited when considering an FRO issued by the Family Part. See D.N. v. K.M., 429 N.J. Super. 592, 596 (App. Div. 2013). That is because "we grant substantial deference to the trial court's findings of fact and the legal conclusions based upon those findings." Ibid. "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Deference is particularly appropriate where the evidence is largely testimonial and hinges upon a court's ability to make assessments of credibility. Id. at 412.

This court also bears in mind the expertise of Family Part judges, who routinely hear many domestic violence cases. Id. at 413. We therefore will not disturb the "factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." S.D. v. M.J.R., 415 N.J. Super. 417, 429 (App. Div. 2010) (alteration in original) (quoting Cesare, 154 N.J. at 412). However, we review

de novo a trial judge's legal conclusions. C.C. v. J.A.H., 463 N.J. Super. 419, 429 (App. Div. 2020).

The entry of an FRO requires the trial court to make certain findings, pursuant to a two-step analysis. See Silver, 387 N.J. Super. at 125-27. Initially, the court "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. The trial court should make this determination "in light of the previous history of violence between the parties." Ibid. (quoting Cesare, 154 N.J. at 402). Secondly, the court must determine "whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to - 29(a)(6), to protect the victim from an immediate danger or to prevent further abuse." Id. at 127 (citing N.J.S.A. 2C:25-29(b) (stating, "[i]n proceedings in which complaints for restraining orders have been filed, the court shall grant any relief necessary to prevent further abuse")); see also J.D. v. M.D.F., 207 N.J. 458, 476 (2011).

"Due process is 'a flexible [concept] that depends on the particular circumstances.'" H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003) (alteration in original) (quoting Doe v. Poritz, 142 N.J. 1, 106 (1995)). "What that means is that '[a]t a minimum, due process requires that a party in a judicial hearing

6

receive "notice defining the issues and an adequate opportunity to prepare and respond."'" J.D., 207 N.J. at 478 (alteration in original) (quoting H.E.S., 175 N.J. at 321).

> There can be no adequate preparation where the notice does not reasonably apprise the party of the charges, or where the issues litigated at the hearing differ substantially from those outlined in the notice. It offends elemental concepts of procedural due process to grant enforcement to a finding neither charged in the complaint nor litigated at the hearing.
>
> [Nicoletta v. N. Jersey Dist. Water Supply Comm'n, 77 N.J. 145, 162 (1978) (quoting Dep't of L. and Pub. Safety v. Miller, 115 N.J. Super. 122, 126 (App. Div. 1971)).]

As such, "it is clearly improper to base a finding of domestic violence upon acts or a course of conduct not even mentioned in the complaint." L.D. v. W.D., Jr., 327 N.J. Super. 1, 4 (App. Div. 1999).

Here, although the court initially recognized that by amending the TRO during trial that defendant would be given the chance to have more time to prepare, the court never went back to question defendant regarding his wishes. The new matters raised by D.A.J. at trial were not trivial events. Rather, they were the basis for the court finding the first prong of Silver had been satisfied. They involved serious allegations of domestic violence and possible criminal charges for contempt. R.Y. was entitled to notice of these allegations to defend

against them. The court should have either provided a short adjournment to give R.Y. an opportunity to prepare an appropriate defense or at least questioned him regarding his ability to proceed. Because R.Y. was not afforded due process to properly address the new allegations at trial, we are constrained to remand for a new trial as to D.A.J.'s contempt allegations. Since we are vacating the FRO, we need not reach the balance of R.Y.'s remaining arguments raised on appeal.

On remand, we direct a different judge to try this case. Pellicer v. St. Barnabas Hosp., 200 N.J. 22, 59 (2009) (citing Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div. 2005) (remanding to different judge "to avoid the appearance of bias or prejudice based upon the judge's prior involvement" and credibility determinations)). We take no position on whether there are grounds to establish a predicate offense of contempt or whether D.A.J. can satisfy the second prong of Silver and leave that to the sound discretion of the new judge.

For the reasons noted above, we vacate the FRO, reinstate the TRO, and remand the matter for a new trial. D.A.J. shall have fifteen days to file an amended TRO to incorporate any allegations she intends to advance at the second trial to provide R.Y. proper notice of the allegations against him.

To the extent we have not addressed any remaining arguments, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3916-22