# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2215-23

R.S.G.,[1]

    Plaintiff-Appellant,

v.

J.A.V., JR.,

    Defendant-Respondent.

_____

        Submitted May 6, 2025 – Decided July 8, 2025

        Before Judges Bishop-Thompson and Augostini.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FV-08-1120-24.

        Thomas M. Keeley-Cain, attorney for appellant.

        J.A.V., Jr., respondent pro se.

PER CURIAM

---

[1] We use initials and fictitious names to protect the confidentiality of the record and the privacy interests of the parties.  <u>See</u> <u>R.</u> 1:38-3(d)(10).

Plaintiff filed a complaint under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35, alleging defendant J.A.V., Jr. harassed her. The next day, plaintiff appeared in court to obtain a temporary restraining order (TRO). After hearing plaintiff's testimony, the judge denied the TRO because the communications described did not make out a prima facie case of harassment under N.J.S.A. 2C:33-4. We affirm.

I.

In her domestic violence complaint, plaintiff contended defendant, the father of her child, harassed her based on text messages he sent to her on January 28, 2024. On February 9, 2024, plaintiff appeared before the judge seeking a TRO. Plaintiff clarified at the hearing that when she "was writing stuff down today [for] my lawyer" for the parties' custody hearing scheduled for the following week, she realized the "last messages" from defendant were on January 23, 2024 and not on January 28, 2024.

According to plaintiff, in the messages defendant sent, he "blames" her "and all of the pediatricians at Rowan," for breast-feeding their child "through multiple infections, sepsis, and IV antibiotics . . . ." Plaintiff continued to explain a prior incident on December 14, 2023, where she went to the parties' former residence with a police escort to retrieve stored breastmilk for the child

A-2215-23

only to find the freezers empty. Plaintiff claimed that defendant had discarded the stored breastmilk.

Plaintiff claimed that a medical professional advised the medications she was taking were "safe for breast-feeding [and] to continue breast-feeding as per the doctor[']s" recommendation. However, plaintiff stated that defendant "thought otherwise and didn't believe the doctors." So, plaintiff asserted she had been harassed "this entire time about formula and how to feed [their] son."

After hearing plaintiff's testimony, the judge found a prima facie showing of jurisdiction based on the parties' prior relationship and having a child together and then set forth the elements of harassment under N.J.S.A. 2C:33-4. While the judge recognized that defendant's text messages may be annoying to her, the judge found they were "not the type of communication that the statute is designed to protect against." The judge concluded that the communications were more akin to a parenting dispute and would be more appropriately addressed at the parties' custody hearing. Therefore, the judge denied plaintiff's request for a TRO.

Plaintiff argues the judge wrongfully denied her application for a TRO by not citing to the entire harassment statute, particularly subsection c of N.J.S.A.

3

2C:33-4, and by failing to review "the language, words or text of any of the communications from defendant" which plaintiff alleged were harassing.

## II.

An appellate court generally defers to the family court's findings of fact "when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). Such deference is particularly important in appeals of family court decisions, where appellate courts "review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare, 154 N.J. at 413). However, we review legal issues de novo. Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

We begin our analysis by recognizing that the PDVA was intended to provide victims with the greatest protection from abuse the law can provide. G.M. v. C.V., 453 N.J. Super. 1, 12 (App. Div. 2018) (citing State v. Brown, 394 N.J. Super. 492, 504 (App. Div. 2007)); see also N.J.S.A. 2C:25-18. Consequently, "[o]ur law is particularly solicitous of victims of domestic

violence," J.D. v. M.D.F., 207 N.J. 458, 473 (2011) (alteration in original) (quoting State v. Hoffman, 149 N.J. 564, 584 (1997)), and courts will "liberally construe[] [the PDVA] to achieve its salutary purposes," Cesare, 154 N.J. at 400. In carrying out this legislative intent, a court "may enter an ex parte order [of protection] when necessary to protect the life, health or well-being of a victim on whose behalf the relief is sought." N.J.S.A. 2C:25-28(f).

A person is guilty of harassment "if, with purpose to harass another, he [or she] . . . [m]akes, or causes to be made, one or more communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm," N.J.S.A. 2C:33-4(a), or a person "[e]ngages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person," N.J.S.A. 2C:33-4(c). Proof of a purpose to harass is an essential element of N.J.S.A. 2C:33-4. See L.D. v. W.D., Jr., 327 N.J. Super. 1, 5 (App. Div. 1999). A finding that a party had the purpose to harass "must be supported by some evidence that the actor's conscious object was to alarm or annoy; mere awareness that someone might be alarmed or annoyed is insufficient." J.D., 207 N.J. at 487 (citing State v. Fuchs, 230 N.J. Super. 420, 428 (App. Div. 1989)).

A-2215-23

Here, plaintiff acknowledged that the conduct alleged in her complaint occurred on January 23, 2024, nearly two weeks before she sought a TRO. Plaintiff also acknowledged that the parties were scheduled for a custody hearing the following week. However, the record does not demonstrate that the text messages described by plaintiff were sent anonymously, at an extremely inconvenient time or contained offensive language in violation of N.J.S.A. 2C:33-4(a). Plaintiff also did not describe any immediate threats conveyed in defendant's messages or any course of conduct or repeated communications that appeared to be sent with the intent to alarm plaintiff or seriously annoy her in violation of N.J.S.A. 2C:33-4(c). The record does not support plaintiff's harassment allegation and the need for a TRO to protect plaintiff's "life, health or well-being . . . ." N.J.S.A. 2:25-28(f).

Moreover, the judge correctly noted prior to considering any alleged history of domestic violence between the parties, the judge had to be satisfied there was a prima facie showing of a predicate act. Under these circumstances, we discern no error in the judge's decision not to consider the voice recording from a prior incident because plaintiff had not made out a prima facie showing of harassment. Therefore, we discern no error in the judge's denial of plaintiff's request for a TRO.

A-2215-23

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2215-23