115 N.J. Super. 122 (1971)
278 A.2d 495
DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF MOTOR VEHICLES, STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GUSTAVOUS MILLER, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 29, 1971.
Decided June 17, 1971.
*123 Before Judges GOLDMANN, LEONARD and FRITZ.
Mr. Philip L. Lipman argued the cause for appellant (Mr. Francis G. Reuss, of counsel).
Mr. Remo M. Croce, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by GOLDMANN, P.J.A.D.
Gustavous Miller, Jr., appeals from a determination of the Civil Service Commission affirming his removal as a motor vehicle officer by the Division *124 of Motor Vehicles, Department of Law and Public Safety.
On January 3, 1968 Miller was served with a Preliminary Notice of Disciplinary Action notifying him that he was suspended pending a hearing and determination for violating Civil Service Rules 59a ("Neglect of duty") and 59g ("Conduct unbecoming an employee in the Public Service"). Two specifications accompanied this notice, respectively charging that (1) between August 7 and October 3, 1967 Miller had accepted a sum of money from a representative of Robert Mazzacco in return for an agreement that he would not take enforcement action should he observe vehicles owned by Mazzacco to be in violation of motor vehicle statutes, and (2) on or about October 11 Miller accepted a sum of money from a representative of L.P. Excavating Corporation in return for a similar agreement with regard to that company's vehicles observed by him to be in violation of the motor vehicle statutes.
Following a hearing the then Motor Vehicle Director found that the charges of violating Civil Service Rules 59a and 59g had been sustained and notified Miller that he was removed, effective at the close of business January 3, 1968. Miller appealed to the Civil Service Commission which, after a hearing, denied the appeal and affirmed his removal.
As to the first specification, the Commission found that Miller's fellow officer, Bradway, had "propositioned" the truck owner for a bribe to avoid any report of motor vehicle violations, and that an employee had delivered $30, the agreed amount, to Miller on October 12, 1967 to give to Bradway for the purpose of effecting the agreement. (Miller happened to be passing by in an official car and was stopped by the employee because he thought it was officer Bradway.) The Commission found that Miller's knowledge of the purpose of the payment to him on behalf of Bradway was evidenced by the conversation he had with the employee: he is alleged to have said that "if he was Joe [Bradway], he would just give us tickets for not having flaps, horns *125 or lights or something like that." All that the employee said to Miller on the occasion in question was, "Just give this to Joe and thank him a lot." The Commission said it was "incredible to believe he [Miller] would receive cash from a stranger without understanding the purpose of the payment or questioning it before agreeing to act as a conduit."
With regard to the second specification, the Commission found that on October 9, 1967 Miller and Bradway were seated in a Division car when one Steffer, an L.P. company foreman, threw a $100 bribe on the front seat between the officers. (This was the second such payment on a $200 bribe Bradway alone had solicited sometime before. There was no proof Miller knew of it.) The Commission described this incident as follows: "Again, Mr. Bradway was more of the activist in negotiating the bribe but Mr. Miller was a knowing and cooperative conspirator."
Predicated upon these findings of fact, described as totally involving Miller in the two bribery situations, the Commission concluded that he was guilty of the violations charged, and therefore affirmed his removal.
As noted, the Preliminary Notice of Disciplinary action informed Miller he was being charged with neglect of duty and conduct unbecoming an employee in the public service, in violation of the Civil Service rules. The specifications served to particularize the charges by detailing two occasions when Miller accepted a sum of money in return for an agreement not to take enforcement action against certain trucks found to be in violation of our Motor Vehicle Act. These were the only specific charges made, and the ones that had to be proved to the satisfaction of the Civil Service Commission.
There was no evidence whatever that Miller, either alone or in concert with another, had accepted or indicated he would accept money in consideration for his promise not to take enforcement action. Instead of finding defendant guilty or innocent of the specified charges, the Commission *126 found that he had agreed to act as a "conduit" in one case, and was a "knowing and cooperative conspirator" in the other. Whatever validity may inhere in these conclusions, Miller was never charged with being a conduit for bribes, whether innocently or otherwise, or as one who had conspired with Bradway.
It is firmly established that an employee cannot legally be tried or found guilty on charges of which he has not been given plain notice by the appointing authority, and the de novo hearing on an administrative appeal is limited to the charges made below. West New York v. Bock, 38 N.J. 500, 522 (1962). As we said in Orange v. DeStefano, 48 N.J. Super. 407, 419 (1958), where, as here, an employee entitled to notice and hearing before discharge is tried on specified charges, but is found guilty solely of other charges never specified nor actually tried before the original hearer or on appeal to the Civil Service Commission, the matter must be reversed.
Miller was notified he would be tried for accepting bribes. His defense was that he took no bribe or in any way participated in such an illegal activity. There was nothing in the case to alert him to the fact that he was being charged with acting as a conduit for bribe money intended for Bradway, or that he had entered into a common scheme with Bradway. Adequate notice and an opportunity to prepare remains the key to proper administrative proceedings. 1 Davis, Administrative Law, § 8.05 at 530; § 7.02 at 412 (1958). There can be no adequate preparation where the notice does not reasonably apprise the party of the charges, or where the issues litigated at the hearing differ substantially from those outlined in the notice. It offends elemental concepts of procedural due process to grant enforcement to a finding neither charged in the complaint nor litigated at the hearing.
One cannot fault the Commission for looking upon Miller as less than a faithful employee. At the very least, he should have reported the two incidents described  the *127 throwing of the $100 bill onto the front seat of the car where he and Bradway were seated, and the $30 handed him for transmittal to Bradway. It is beyond belief that Miller did not say something, or at least ask Bradway for an explanation, at the time of either or both incidents.
We vacate the Commission's determination and remand the matter to the Division for a supplemental hearing on amended specifications. In our view defendant cannot argue collateral estoppel or res judicata upon such remand, for the agency is free to reconsider the whole case on a new record where the court sets aside a determination on a single ground. 2 Davis, above, § 18.11 at 624. As was said in F.C.C. v. Pottsville Broadcasting Co., 309 U.S. 134, 145, 60 S.Ct. 437, 442, 84 L.Ed. 656 (1940), "an administrative determination in which is embedded a legal question open to judicial review does not impliedly foreclose the administrative agency, after its error has been corrected, from enforcing the legislative policy committed to its charge." Cf. Rodale Press, Inc. v. F.T.C., 132 U.S. App. D.C. 317, 407 F.2d 1252 (D.C. Cir.1968) (remand for further argument on a new theory of the case).
We see no problem with relitigation, except as to the deaths of Bradway and Steffer, which occurred before the Commission hearings. Whatever part of their testimony before the Division may be deemed pertinent on the remand may be read into the record under Evidence Rule 63(3).
Remanded for amended charges and specifications and a supplemental hearing. We do not retain jurisdiction.