743 A.2d 385

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. HELEN M. SANDERS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 5, 2000—Decided January 19, 2000.

Before Judges KING, PAUL G. LEVY and CARCHMAN.

Helen M. Sanders, appellant pro se.

*Robert D. Bernardi,* Burlington County Prosecutor, attorney for respondent (*Stacey Geurds,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

KING, P.J.A.D.

In this case Judge Smith issued a domestic violence temporary restraining order (TRO) against appellant Helen M. Sanders on May 18, 1998. *N.J.S.A.* 2C:25–29. Sanders violated the TRO on May 21, 1998. On May 27, 1998, at the final hearing for the

domestic violence matter, Judge Smith made a finding that no domestic violence was proved, dismissed the complaint and vacated the TRO.

A hearing on the contempt charge for violation of the TRO was held on November 9, 1998. Appellant Sanders was tried and convicted at that time before Judge Bell, who imposed a sentence of a one-year probation term and financial penalties for criminal contempt.

On this appeal Sanders claims this criminal contempt conviction under *N.J.S.A.* 2C:29–9(b) for her interim violation of the TRO cannot stand because no permanent restraining order ever issued. She states her *pro se* argument in full this way:

### LEGAL ARGUMENT

#### Point One:

IT WAS PLAIN ERROR TO FIND DEFENDANT IN CONTEMPT SINCE THE UNDERLYING TRO WAS DISMISSED.

By way of background, the underlying TRO which formed the basis of the contempt proceeding was dismissed by the trial court on May 27, 1998 by Judge Smith. Although it is clear that the underlying facts occurred between the initiation of the TRO and the eventual dismissal of the TRO, it would be procedurally unfair to find defendant guilty of an order that was eventually dismissed by the court. *See J.F. v. B.K.,* Docket No. A–4394–96T5 [308 *N.J.Super.* 387, 706 *A.*2d 203] (App.Div.1998).

We disagree and affirm. We conclude it is irrelevant in a criminal contempt proceeding whether the temporary restraining order in effect at the time of the violation is later vacated or dismissed and no permanent restraint issues. An order of the court must be obeyed unless and until a court acts to change or rescind it. The State need only prove that the order was in existence at the time of the alleged contempt. *See State v. Washington,* 319 *N.J.Super.* 681, 726 *A.*2d 326 (Law Div.1998). There is no dispute here that the order was in effect at the time of the proven violation.

Appellant argues that "it would be procedurally unfair to find defendant guilty of an order that was eventually dismissed by the

court," relying on *J.F. v. B.K.*, 308 *N.J.Super.* 387, 706 *A.*2d 203 (App.Div.1998). In *J.F. v. B.K.* we addressed the trial judge's finding of an act of domestic violence made at the final restraining order hearing, not in a contempt proceeding. There we found that the issuance of a restraining order is limited to the facts contained in the domestic violence complaint. *Id.* at 391–92, 706 *A.*2d 203. It is "unfair" and a violation of due process to issue an order on acts of domestic violence not mentioned in the complaint. *Id.* Defendant in *J.F. v. B.K.* had no knowledge of these allegations prior to the hearing; this prevented defendant from properly defending himself. Appellant's reliance here on *J.F. v. B.K.* is clearly misplaced.

There must be judicial control over the court's orders. A restrained party is not allowed to gamble on the outcome of the final hearing to justify committing an interim violation of the restraints.

Affirmed.