# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0772-17T1

M.D.C.,

     Plaintiff-Respondent,

v.

J.A.C.,

     Defendant-Appellant.

_____

          Argued November 14, 2018 – Decided December 3, 2018

          Before Judges Ostrer and Mayer.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FV-13-0317-18.

          Sharon Bittner Kean argued the cause for appellant.

          John C. Feggeler, Jr., argued the cause for respondent.

PER CURIAM

Defendant J.A.C.[1] appeals from the entry of a final restraining order (FRO) pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35, entered in favor of plaintiff M.D.C. Because we determine defendant was deprived of fundamental procedural due process rights, we vacate the FRO and remand for a new trial.

Plaintiff obtained a temporary restraining order (TRO) alleging defendant committed assault and made terroristic threats. Prior to starting the FRO trial on September 5, 2017, the judge asked if the parties had witnesses. Plaintiff had one witness. Defendant explained she wanted to present her mother as a witness, but her mother was unavailable on the trial date. The judge responded he could not consider testimony from witnesses who were not present in court. The judge then started the trial without asking if defendant needed an adjournment so her mother could be present in court to testify.

Plaintiff testified she argued with defendant on September 1, 2017, and defendant left the marital home after the argument. When defendant returned, the parties again argued. Plaintiff testified it was during this argument that defendant pushed her up against a wall, causing plaintiff to experience pain in

---

[1]  We use initials to protect the parties' privacy interests in accordance with <u>R.</u> 1:38-3(d)(9).

the back of her neck. According to plaintiff, defendant then went into the backyard to retrieve her dog and plaintiff followed. When defendant was leaving, plaintiff called the police.

During the trial, the judge prompted plaintiff to describe prior acts of domestic violence between the parties, including incidents not listed in plaintiff's complaint. Plaintiff then told the judge defendant struck her in the eye with a mason jar, attempted to smother plaintiff, threw objects at plaintiff, and destroyed the walls in the marital home. In addition, plaintiff produced photographs of injuries she claimed to have suffered as a result of defendant's acts, even though plaintiff was unable to recall the dates she suffered the injuries or when the photographs were taken. When plaintiff seemed to have completed her testimony about additional incidents of domestic violence, the judge again asked if there was "anything else" plaintiff wanted to tell the court.

The judge explained to defendant that she could cross-examine plaintiff. However, the judge interrupted defendant's cross-examination several times. The judge instructed defendant to limit her questions to issues relevant to the domestic violence complaint. Despite efforts to explain the relevance of her cross-examination questions, defendant became frustrated and abandoned any

attempt to cross-examine plaintiff. Plaintiff then had her only witness testify regarding the parties' marital troubles.

Defendant's testimony regarding the events on September 1, 2017 differed significantly from plaintiff's version of the events. However, defendant admitted to a domestic violence incident in December 2013 in which defendant threw a mug at plaintiff, striking her in the eye. As to the other incidents described during plaintiff's testimony, defendant told the judge the statements were untrue. Defendant explained plaintiff had psychological issues, a history of self-harm, an addiction to pain medication, and hoarded thirty cats in the marital home.

At the conclusion of the FRO hearing, the judge found the testimony of plaintiff and her witness more credible than defendant's testimony. The judge determined plaintiff proved her case in support of an FRO by a preponderance of the evidence, and a restraining order was necessary to protect plaintiff.

On appeal, defendant argues the trial judge violated her due process rights by: (1) failing to advise her of the right to adjourn the hearing to allow defendant's witness to testify; (2) failing to permit defendant to offer exculpatory evidence; and (3) failing to require plaintiff to file an amended domestic

4

violence complaint to afford defendant proper notice of the additional domestic violence allegations.

Having reviewed the record, we are satisfied the judge violated defendant's due process rights by failing to give her a fair opportunity to defend against the domestic violence complaint, including the right to cross-examine plaintiff, precluding the presentation of exculpatory evidence, and not offering to adjourn the trial so her witness could testify.

Parties to a domestic violence action are entitled to certain basic procedural due process rights. J.D. v. M.D.F., 207 N.J. 458, 478 (2011). Our Supreme Court has explained that "ordinary due process protections apply in the domestic violence context, notwithstanding the shortened time frames for conducting a final hearing . . . that are imposed by the statute. . . ." Ibid. (internal citations omitted). The Court expressed, "ensuring that defendants are not deprived of their due process rights [in a domestic violence matter] requires our trial courts to recognize both what those rights are and how they can be protected consistent with the protective goals of the [PDVA]." Id. at 479.

We recognize one of the "essential procedural safeguards" for defendants is the right to cross-examine witnesses. Peterson v. Peterson, 374 N.J. Super. 116, 124 (App. Div. 2005). A trial is a search for the truth, and "'[c]ross-

examination is the most effective device known to our trial procedure for seeking the truth.'" Id. at 124 (quoting Tancredi v. Tancredi, 101 N.J. Super. 259, 262 (App. Div. 1968)). Denying a defendant the opportunity to cross-examine witnesses violates due process. J.D., 207 N.J. at 481. A judge in a domestic violence trial, where the parties are unrepresented and unfamiliar with the proceeding, should exercise "a high degree of patience and care. The pressures of heavy calendars and volatile proceedings may impede the court's willingness to afford much leeway to a party whose testimony may seem disjointed or irrelevant. But the rights of the parties to a full and fair hearing are paramount." Ibid.

Here, the judge failed to give defendant a fair opportunity to cross-examine plaintiff. He interrupted defendant's cross-examination and challenged the relevance of the questions she posed to plaintiff. Since the issuance of the FRO was based, in part, on credibility determinations, it was essential that defendant be granted leeway in her cross-examination of plaintiff.

The judge was also aware prior to starting the trial that defendant had a witness who was unavailable to testify on the hearing date. In Franklin v. Sloskey, we held the trial court should advise the parties of the right to an adjournment of the trial to call necessary witnesses. 385 N.J. Super. 534, 540-

6

41 (App. Div. 2006); see also J.D., 207 N.J. at 480 (holding a defendant need not invoke lawyer-like language to adjourn an FRO hearing).

The failure to adjourn the FRO in this case resulted in the denial of defendant's due process rights. Defendant expressly told the judge she sought to call her mother as a witness, but her mother was babysitting defendant's niece and could not appear in person on September 5. When defendant asked if she could read a statement from her mother in lieu of live testimony, the judge explained he could not consider statements from anyone who was not present in court. As a self-represented litigant, defendant's explanation to the judge regarding her mother's inability to appear on the trial date was equivalent to a request to adjourn the hearing so her witness could testify.

In addition to the corroborating testimony of her mother, defendant sought to present video and photographic evidence in her defense. Defendant said she had videos of plaintiff committing acts of self-harm and of the police arriving at the marital home on September 1, 2011, as well as pictures of injuries plaintiff inflicted on defendant. The judge did not allow defendant to offer the videos or photographs in evidence. Nor did he make any ruling regarding defendant's proffered evidence. The judge's failure to consider defendant's evidence,

without expressing any reason for declining to consider the evidence, resulted in the denial of defendant's due process rights.

The judge also included additional incidents of domestic violence between the parties without requiring plaintiff to amend the complaint. In J.D., the Court acknowledged the common practice of allowing plaintiffs to amplify the prior history of domestic violence during the course of a trial. 207 N.J. at 479. However, the Court explained that defendants cannot be deprived of their due process rights under such circumstances. Id. Thus, a plaintiff should be permitted to amend the complaint, and a defendant afforded an adequate opportunity to be apprised of the added allegations to prepare a proper defense. Id. at 480.

In this case, the judge posed open-ended questions to plaintiff on multiple occasions, inquiring if there were additional allegations plaintiff wished to identify for the court. None of the additional allegations were included in plaintiff's TRO application. Thus, defendant was deprived of the opportunity to prepare an adequate defense to plaintiff's newly-raised allegations of domestic violence contrary to her due process rights. See J.F. v. B.K., 308 N.J. Super. 387, 391-92 (App. Div. 1998) (holding it was a violation of the defendant's right

to due process to be told of additional domestic violence charges on the day of the hearing).

Defendant suggests, "every [d]efendant entering a courtroom in this State who is facing a hearing under the [PDVA] should specifically be advised by the trial court judge" of their due process rights, including the right to consult with counsel, request an adjournment of the hearing, present witnesses at trial, and conduct cross-examination. We refer defendant's suggestion to the Supreme Court's Family Practice Committee to consider what information, if any, should be provided to the parties in a domestic violence proceeding to ensure due process protections are afforded equally to plaintiffs and defendants.

We note the State of New Jersey Domestic Violence Procedures Manual provides guidance to judiciary staff and law enforcement regarding the handling of domestic violence matters. See Supreme Court of N.J. & Attorney Gen. of N.J., State of New Jersey Domestic Violence Procedures Manual (Oct. 9, 2008) (Manual).[2] Prior to the start of an FRO hearing, Section 4.10.2(A) of the Manual states a domestic violence staff member should review the relief sought with the plaintiff and explain the nature of an FRO trial proceeding, including the right

---

[2] The Manual is available online at https://www.njcourts.gov/courts/assets/family/dvprcman.pdf.

to call witnesses and present evidence. Nowhere in the Manual are domestic violence staff members or judiciary personnel instructed to advise the defendant that he or she has such rights and what to expect at the FRO trial. We note this inconsistency in the Manual, and refer to its drafters whether the Manual should be revised to reflect the reciprocal rights of defendants in domestic violence proceedings.

We also observe the absence of certain information in temporary restraining orders served upon defendants in domestic violence proceedings. A summons served in a civil action requires a defendant be advised that he or she may contact the Lawyer Referral Service to hire counsel, and contains a current listing of telephone numbers for the Lawyer Referral Service in each county. See R. 4:4-2. The court rule governing a summons in a civil family action provides "[t]he summons shall comply with the requirements of R. 4:4-2 except that in lieu of requiring an answer it shall notify the defendant to appear at the time, date and place therein set forth to answer the complaint, a copy of which shall be annexed thereto." R. 5:4-1. While the form orders used in domestic violence proceedings contain various notices to a defendant, the forms do not include a listing of telephone numbers for the Lawyer Referral Service. We suggest the discrepancy in the court rules related to civil part summonses and

A-0772-17T1

family part summonses be reviewed by the Supreme Court's Family Practice Committee.

Based on the foregoing, we are satisfied defendant was not afforded due process in connection with the FRO hearing. Thus, we vacate the FRO, reinstate the TRO, and remand the matter for a new trial. On remand, because the judge made credibility assessments in ruling on the reconsideration motion and issuing the FRO, the case should be assigned to another judge. R. 1:12-1(d); Pressler and Verniero, Current N.J. Court Rules, cmt. 4 on R. 1:12-1 (2019) ("[A] matter remanded after appeal for a new trial should be assigned to a different trial judge if the first judge had, during the original trial, expressed conclusions regarding witness credibility.").

The TRO remains in effect until further order of the family court. Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0772-17T1