# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2310-17T4

S.C.,

      Plaintiff-Respondent,

v.

Z.B.,

      Defendant-Appellant.

_____

Argued March 13, 2019 – Decided April 2, 2019

Before Judges Fuentes, Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-1089-18.

Joseph R. Donahue argued the cause for appellant (Brickfield & Donahue, attorneys; Joseph R. Donahue, on the briefs).

David A. Schwartz argued the cause for respondent (Schwartz & Posnock, attorneys; David A. Schwartz, on the brief).

PER CURIAM

Defendant Z.B. appeals from a December 11, 2017 final restraining order (FRO) entered in favor of her husband, plaintiff S.C., pursuant to the Prevention of Domestic Violence Act of 1991 (PDVA), N.J.S.A. 2C:25-17 to -35. We reverse.

The pertinent facts may be simply stated. Plaintiff and defendant are married and have two children. On October 6, 2017, plaintiff and defendant had a verbal altercation in the marital home. Plaintiff called 9-1-1, and police responded to the scene. Plaintiff filed a complaint, alleging defendant engaged in domestic violence under the PDVA, N.J.S.A. 2C:25-19(a)(10), by committing the predicate act of criminal mischief, N.J.S.A. 2C:17-3. Plaintiff alleged a "verbal dispute escalated into . . . defendant breaking a dish in front of . . . plaintiff and the children." The complaint also alleged a prior history of domestic violence, stating defendant "physically struck" plaintiff "[three] to [four] times in previous incidents." The court issued a temporary domestic violence restraining order against defendant.

Four days later, defendant filed a domestic violence complaint alleging that during the October 6, 2017 incident, plaintiff engaged in domestic violence under the PDVA, N.J.S.A. 2C:25-19(a)(10) and (13), by committing the predicate acts of criminal mischief, N.J.S.A. 2C:17-3, and harassment, N.J.S.A.

2C:33-4. More particularly, the complaint alleged plaintiff "shoved [defendant] aside, grabbed [a] plate from her hand . . . and flung [it] on the floor, breaking it into pieces." Defendant's complaint further alleged plaintiff committed prior acts of domestic violence against her, including throwing her on the kitchen floor and punching her in the lip on January 3, 2014, erasing the operating system from her computer, breaking a lock in her bedroom, threatening to permanently take their children to India, throwing a package of bagels "in her face," and calling her names. On October 10, 2017, the court issued a temporary domestic violence restraining order against plaintiff.

The Family Part conducted a five-day trial and heard testimony from plaintiff, defendant, a police officer who responded to the parties' home on October 6, 2017, and three of defendant's friends who saw and spoke with her before and after the verbal altercation. After the presentation of the evidence and closing arguments of counsel, the court rendered an opinion from the bench detailing its findings of fact and conclusions of law. The court first confirmed with counsel that plaintiff's complaint asserted only that defendant committed the predicate act of criminal mischief under the PDVA and that there had not been any amendments to plaintiff's complaint during trial. Similarly, the court confirmed defendant's complaint alleged only that plaintiff committed the

predicate acts of criminal mischief and harassment under the PDVA. The court explained that it confirmed the allegations in the complaints "to be very clear on the record that [it] had the proper restraining orders that [it was] working with" because the court "always like[d] to be very careful about that, when making the record" and "utilizing the proper complaints." The court noted both complaints alleged criminal mischief, but only defendant's complaint also alleged harassment as a predicate act supporting her FRO request. There were no requests by counsel to amend the complaints or any objection to the court's summary of the allegations in the complaint.

The court then addressed the credibility of the witnesses, generally finding defendant "intentionally testified falsely," and rejecting her testimony that she was not intoxicated at the time of the altercation, she did not break the plate and that plaintiff broke the plate. The court found credible plaintiff's testimony that defendant was intoxicated and broke the plate, defendant used offensive language during the altercation and defendant committed prior acts of domestic violence against plaintiff.

The court, however, concluded plaintiff did not "prove[] criminal mischief,"[1] the only predicate act of domestic violence alleged in his complaint against defendant. Undeterred by the absence of any allegation in plaintiff's complaint that defendant committed the predicate act of harassment, the court declared it would "sua sponte amend the complaint [against defendant] to find that—that the facts set will apply to a count of harassment and therefore . . . consider[ed] that count in the complaint for—and under—under the statute [N.J.S.A.] 2C:33-4 under harassment." Although the complaint did not allege defendant committed the predicate act of harassment, the court nevertheless based its determination that plaintiff is entitled to an FRO against defendant

---

[1] The court did not make findings of fact supporting its conclusion that plaintiff failed to prove defendant committed the predicate act of criminal mischief under the PDVA. See R. 1:7-4. Plaintiff did not cross-appeal the court's order finding he failed to prove criminal mischief, see Mondelli v. State Farm Mut. Auto. Ins. Co., 102 N.J. 167, 170 (1986) (where defendants did not file a cross-appeal, the court's review was "confined to the sole issue raised on plaintiff's appeal"), and does not argue on appeal that the court erred by finding he failed to prove criminal mischief, see Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (noting an issue not briefed on appeal is deemed waived).

A-2310-17T4

under the PDVA on its finding defendant committed the predicate act of harassment.[2] Following the court's entry of the FRO, defendant appealed.

A trial court has a "two-fold" task when deciding whether to grant an FRO under the PDVA. Silver, 387 N.J. Super. at 125. The court must first determine whether the plaintiff has proven, by a preponderance of the evidence, that the defendant committed one of the predicate acts referenced in N.J.S.A. 2C:25-19(a), which incorporates harassment, N.J.S.A. 2C:33-4, as conduct constituting domestic violence. See Silver, 387 N.J. Super. at 125-26. If a predicate offense is proven, the judge must then assess "whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse." Silver, 387 N.J. Super. at 127 (quoted in J.D. v. M.D.F., 207 N.J. 458, 475-76 (2011)).

Defendant argues the court erred by basing its issuance of the FRO on its finding she committed the predicate act of harassment. Defendant contends the

---

[2] The court also based its decision to issue the FRO on its finding plaintiff proved a need for an FRO to protect him from immediate danger and further acts of domestic violence. See Silver v. Silver, 387 N.J. Super. 112, 127 (App. Div. 2006). Defendant does not challenge that finding on appeal, and we therefore do not address it. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (holding that an issue not briefed on appeal is deemed waived).

6

court's finding violated her due process rights because the complaint did not allege she committed the predicate act of harassment, plaintiff never moved to amend the complaint to allege the predicate act of harassment and the court determined defendant committed the predicate act only after the close of evidence and based on its sua sponte amendment of the complaint during its decision on the merits.  We agree and reverse.

"A litigant in civil proceedings is entitled to a fair hearing, imbued with the protections of due process."  In re Adoption of Child ex. rel. M.E.B., 444 N.J. Super. 83, 88 (App. Div. 2016).  Both the Fourteenth Amendment to the United States Constitution and Article I, paragraph 1, of the New Jersey Constitution protect the due process rights of defendants in actions brought under the PDVA.  H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003).  "At a minimum, due process requires that a party in a judicial hearing receive 'notice defining the issues and an adequate opportunity to prepare and respond.'"  Id. at 321-22 (quoting McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 559 (1993)).  "[I]n all cases the trial court must ensure that [the] defendant [in an FRO proceeding under the PDVA] is afforded an adequate opportunity to be apprised of [the] allegations [in the complaint] and to prepare."  J.D., 207 N.J. at 480.

A-2310-17T4

During a trial on a complaint seeking an FRO under the PDVA, the court may allow an amendment of the complaint to expand its allegations, but only where a defendant's due process rights are not violated. H.E.S., 175 N.J. at 324. For example, "[a] due process violation can easily be avoided by granting a party a reasonable adjournment if confronted by new allegations at the time of trial in order to afford the party an ample opportunity to meet the charges." Pazienza v. Camarata, 381 N.J. Super. 173, 185 (App. Div. 2005); see also H.E.S., 175 N.J. at 323.

However, in J.F. v. B.K., we reversed an FRO based on a trial court's finding that the defendant committed an act of domestic violence "based not on the act of domestic violence alleged in [the] plaintiff's complaint but rather on a course of prior conduct which . . . was not even mentioned in the complaint." 308 N.J. Super. 387, 391 (App. Div. 1998). We found it is "a fundamental violation of due process to convert a hearing on a complaint alleging one act of domestic violence into a hearing on other acts of domestic violence which are not even alleged in the complaint." Id. at 391-92; see also L.D. v. W.D., 327 N.J. Super. 1, 4 (App. Div. 1999) (noting "it is clearly improper to base a finding of domestic violence upon acts or a course of conduct not even mentioned in the complaint").

A-2310-17T4

Here, the court's sua sponte decision to amend plaintiff's complaint during its final decision on the merits violated defendant's due process rights. The complaint did not allege defendant committed the predicate act of harassment, and during the presentation of the evidence the complaint was never amended to add the claim. Thus, defendant never had what due process requires: adequate notice of the allegation upon which the FRO was ultimately founded. J.D., 207 N.J. at 480. Instead, after finding defendant did not commit the only predicate act alleged in the complaint, the court unilaterally and inexplicably chose to add a claim that was never requested or alleged and, in doing so, deprived defendant of the fundamental due process rights of notice and an opportunity to defend. H.E.S., 175 N.J. at 321-22; J.F., 308 N.J. Super. at 391-92. We therefore reverse the FRO entered against defendant.

Because we have determined the court violated defendant's due process rights by sua sponte amending the complaint to allege the predicate act of harassment, it is unnecessary to address defendant's argument that the FRO should also be reversed because there is insufficient evidence supporting the court's finding she engaged in conduct constituting harassment under N.J.S.A. 2C:33-4.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION