# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2622-22

L.B.G.,

    Plaintiff-Respondent,

v.

A.T.G.,

    Defendant-Appellant.

_____

Submitted March 19, 2024 – Decided March 26, 2024

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FV-20-1305-23.

Grayson & Associates, LLC, attorneys for appellant (Brian P. Matousek, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant A.T.G.[1] appeals from the Family Part's March 30, 2023 final restraining order (FRO) entered in favor of plaintiff L.B.G. pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Following our review of the record and applicable legal principles, we vacate the FRO and remand for further proceedings.

Plaintiff and defendant are married and have three children. On February 15, 2023, plaintiff obtained a temporary restraining order (TRO) against defendant after alleging he committed predicate acts of assault and harassment against her on September 2, 2022 and again on October 1, 2022. In her complaint, plaintiff also detailed prior incidents of domestic violence committed by defendant against her. The trial court amended the TRO on March 23, 2023 in order to allow defendant to have parenting time with the children.

On March 30, 2023, the parties appeared before the court for a trial to determine whether plaintiff should receive a FRO against defendant. Neither party was represented by counsel.

At the beginning of the trial, the court advised defendant of the negative ramifications that would arise if an FRO was entered against him. However, the

---

[1] We use initials to protect the identity of victims of domestic violence and to preserve the confidentiality of these proceedings. See R. 1:38-3(d)(9) to (10).

A-2622-22

court did not tell defendant that he had the right to counsel and did not ask him if he wanted to retain an attorney.

The trial court directed each party to make an opening statement and then allowed them to take turns providing testimony. The court did not tell the parties they had the right to cross-examine each other and did not permit them to do so. The court also did not advise the parties that they had a right to call witnesses to testify on their behalf.

During plaintiff's testimony, she went beyond the prior incidents of domestic violence alleged in her complaint. The trial court did not formally amend plaintiff's complaint to include those new allegations, and it failed to advise defendant that he could have an adjournment of the trial to prepare a defense to these new allegations.

At the conclusion of the trial, the court rendered an oral decision granting plaintiff's application for a FRO. The court found plaintiff established that defendant assaulted her on September 2, 2022 and October 1, 2022, and that a restraining order was needed to protected plaintiff from future acts of domestic violence.

On appeal, defendant argues that "the trial court violated [his] due process rights as it failed to advise [him] of his right to retain legal counsel, failed to

advise [him] of his right to cross-examination, failed to advise [him] of his right to call witnesses, and failed to provide fair notice of newly-raised allegations."

"[O]rdinary due process protections apply in the domestic violence context, notwithstanding the shortened time frames for conducting a final hearing that are imposed by the [PDVA]." J.D. v. M.D.F., 207 N.J. 458, 478 (2011) (internal citations omitted). One of those important rights is the right to counsel. As we held in A.A.R. v. J.R.C., "due process does not require the appointment of counsel for indigent defendants in a domestic violence proceeding seeking an FRO." 471 N.J. Super. 584, 588 (App. Div. 2022). However, it requires "a defendant understands that [they have] a right to retain legal counsel and receive[] a reasonable opportunity to retain an attorney." Ibid.

Here, the trial court did not inquire if defendant wanted an attorney prior to proceeding with the trial. That alone requires the FRO be vacated. Id. at 589.

The trial court also erred by failing to permit defendant to cross-examine plaintiff concerning her testimony and did not advise him that he was allowed to call witnesses to testify in his defense. One of the "essential procedural safeguards" for defendants is the right to cross-examine witnesses. Peterson v. Peterson, 374 N.J. Super. 116, 124 (App. Div. 2005). A trial is a search for the truth, and "[c]ross-examination is the most effective device known to our trial

4

procedure for seeking the truth." Id. at 124 (quoting Tancredi v. Tancredi, 101 N.J. Super. 259, 261 (App. Div. 1968)). Denying a defendant the opportunity to cross-examine or call witnesses violates due process. J.D., 207 N.J. at 481 (citing Peterson, 374 N.J. Super. at 124-26).

Finally, the trial court mistakenly allowed plaintiff to testify as to additional incidents of domestic violence between the parties without requiring plaintiff to amend her complaint. In J.D., our Supreme Court acknowledged the common practice of allowing plaintiffs to amplify the prior history of domestic violence during the course of a trial. 207 N.J. at 479. However, the Court explained that defendants cannot be deprived of their due process rights under such circumstances. Ibid.

Thus, a plaintiff should be permitted to amend the complaint, and a defendant must be afforded an opportunity to prepare a proper defense to the new allegations. Id. at 480. Because the court failed to follow these procedures, defendant was deprived of due process. See J.F. v. B.K., 308 N.J. Super. 387, 391-92 (App. Div. 1998) (holding it was a violation of the defendant's right to due process to be told of additional domestic violence charges on the day of the hearing).

A-2622-22

Based on the foregoing, we are satisfied defendant was not afforded due process in connection with the FRO hearing. Accordingly, we vacate the FRO, reinstate the TRO, and remand the matter for a new trial.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2622-22